FILED
2015 Jul-13  AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **REYNALDO REYES GIL, a.k.a.** | } | |
| **Oziel Reyes Gil; and DAVID** | } | |
| **RODRIGUEZ NERI,** | } | |
| | } | |
| **Plaintiffs,** | } | **Case No.:  2:14-CV-00455-MHH** |
| | } | |
| **v.** | } | |
| | } | |
| **CHIPOTLE INC., d/b/a IGUANA** | } | |
| **GRILL; THE IGUANA GRILL,** | } | |
| **INC.; and JOSE CHAVEZ,** | } | |
| | | |
| **Defendants.** | | |

## MEMORANDUM OPINION

This opinion concerns a proposed FLSA settlement.  In their complaint, plaintiffs Reynaldo Gil and David Neri contend that defendants Chipotle, Inc., The Iguana Grill, Inc., and Jose Chavez violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.  The parties have agreed to settle the FLSA claims, and they have asked the Court to review the terms of the proposed settlement. (Doc. 18).  For the reasons stated below, the Court approves the settlement because it is a fair and reasonable compromise of a bona fide dispute.

## I.      BACKGROUND

Mr. Gil and Mr. Neri filed this lawsuit on March 14, 2014.  (Doc. 1).  In the complaint, Mr. Gil states that he worked for Iguana Grill from June 2011 until

February 2014.  (Doc. 1, ¶ 11).  Mr. Neri states that he worked for Iguana Grill from May 2013 until February 2014.  (Doc. 1, ¶ 11).  Both plaintiffs claim that they were not properly compensated for all of the time (both straight and overtime hours) that they worked for the defendants and that the defendants "willfully failed to compensate the plaintiffs at the premium overtime rate for all hours worked above forty in each work week."  (Doc. 1, ¶¶ 13–15, 17, 21).  The plaintiffs seek compensatory and liquidated damages under the FLSA and reasonable costs and attorney's fees.  (Doc. 1, ¶ 23).

The parties reached a settlement because of "uncertainties regarding the applicability of the FLSA to certain time periods of employment."  (Doc. 18, ¶ 3). The plaintiffs and defendants disagree about whether the defendants actually met the minimum revenue threshold to be subject to the FLSA during some of the time the plaintiffs claim they were not paid.  (Doc. 18, ¶ 3).

As part of their settlement negotiations, the parties exchanged payroll and personnel data and agreed that they "wanted to resolve [the case] instead of dragging it out . . ."  (Hrg. Tr., p. 2).[1]  In exchange for dismissal of this action with prejudice, the defendants have agreed to pay Mr. Neri a total sum of $2,630.14. (Doc. 18-1, p. 1).  Half of the $2,630.14 consists of compensatory damages, and half consists of liquidated damages.  (Doc. 18, ¶ 4).  The defendants have agreed to

[1] The Court held a hearing on the motion for settlement approval on May 29, 2015.  A transcript is available upon request.

2

pay Mr. Gil $3,362.11 in exchange for dismissal of this action with prejudice. (Doc. 18-2, p. 1).  Again, half of that amount consists of compensatory damages, and half consists of liquidated damages.  (Doc. 18, ¶ 4).  The defendants have agreed to pay $4,294.83 in attorney's fees and $400.00 in costs.  (Doc. 18, ¶ 5).

On this record, the Court considers the parties' motion to approve the proposed settlements of Mr. Gil and Mr. Neri's FLSA claims.

## II.    DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'  Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a).  Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'"  *Barrentine*, 450 U.S. at 739 (emphasis in original).  In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-

being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputedly owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at

1353; *see also Hogan*, 821 F. Supp. 2d at 1281–82.[2]  "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute."  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  The information that the parties provide also should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy."  *Hogan*, 821 F. Supp. 2d at 1282.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement.  *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

Based on the Court's review of the proposed settlement agreement and the information that the parties submitted regarding the terms of the proffered settlement, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement.  The settlement proceeds represent a fair and

---

[2] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  679 F.2d at 1352–53 (footnotes omitted).  The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

reasonable compromise based on the existing evidence regarding unpaid wages. The plaintiffs maintain that the defendants undercompensated them for normal and overtime hours worked.  (Hrg. Tr., p. 2).  The defendants conceded that they made errors in paying the two plaintiffs but dispute the total amount of uncompensated hours.  (Hrg. Tr., p. 1).  The parties calculated the settlements based on the payroll records retained by the defendants and the plaintiffs.  (Hrg. Tr., pp. 1–2).  The Court finds that the method used to calculate the disputed unpaid wages is fair and reasonable under the circumstances of this case.

The parties negotiated, and the defendants do not object to, attorney's fees of $4,294.83.   The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352); *see also Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1290–91 (N.D. Ala. March 11, 2014) (noting that even where payment of attorney's fees does not reduce the compensation negotiated for and payable to an FLSA plaintiff, "the court is required to review for fairness and approve the fee and expenses proposed to be paid by the defendants in the settlement.") (citing *Silva*, 307 Fed. Appx. at 349).

Based on the explanations that counsel offered at the March 29, 2014 hearing in this matter, and after review of the settlement agreements, the Court finds that the attorney's fee of $4,294.83 is fair and reasonable under the circumstances. (Hrg. Tr., p. 6).[3]   Based upon the information submitted to the Court, it does not appear this attorney's fee award in any way compromises the plaintiffs' recovery.  Accordingly, the Court finds that under *Silva*, the agreed attorney's fee adequately compensates Mr. Gil and Mr. Neri's counsel and does not taint Mr. Gil and Mr. Neri's recovery.

The Court noted at the hearing that the settlement agreements contain confidentiality provisions that generally are ill-suited to an FLSA settlement. Counsel for both parties agreed to remove the confidentiality provisions from the agreements, (Hrg. Tr., pp. 4–5), and the Court approves the settlements with the understanding that the confidentiality provisions will be removed.

---

[3] In *Briggins*, the Court performed a detailed lodestar analysis to determine whether the negotiated attorney's fees in that FLSA settlement were fair.  *See Briggins*, 3 F. Supp. 3d at 1290–94.  The Court noted that in the Eleventh Circuit, the lodestar method has effectively replaced the balancing test prescribed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).  *Briggins*, 3 F. Supp. 3d at 1290–91.  Nevertheless, the Court explained that the *Johnson* factors may be part of a reasonableness analysis. *Id.*  Although it did not require Mr. Gil's and Mr. Neri's counsel to do so here, attorneys for FLSA plaintiffs should be prepared to submit evidence to enable the Court to evaluate the reasonableness of the fee to which the parties agree.  This evidence informs the Court's analysis of whether counsel is adequately compensated and also helps the Court determine whether the compensation paid to FLSA plaintiffs is "separate and distinct from the settlement agreement to pay [counsel's] fees and expenses." *See id.* at 1291.

## III.    CONCLUSION

For the reasons stated above, the Court approves the parties' proposed settlement of Mr. Gil and Mr. Neri's FLSA claims.  The Court concludes that there is a bona fide dispute regarding the FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute. Therefore, the Court approves the FLSA settlement.  By separate order, the Court will dismiss this action.

**DONE** and **ORDERED** this July 13, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE